**Majority and Dissenting Opinions filed September 19, 2017.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00232-CR

---

### MICHAEL E. C. DONALD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 149th District Court
### Brazoria County, Texas
### Trial Court Cause No. 77089-CR

---

## D I S S E N T I N G   O P I N I O N

Because I would find the first prong of *Strickland* has not been satisfied, I respectfully dissent.

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see Thompson v. State*, 9 S.W.3d 808,

813 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, as here,[1] we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

"[J]judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *accord Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). The *Strickland* court cautioned us to avoid an intrusive post-trial inquiry into attorney performance because such an inquiry would encourage the proliferation of ineffectiveness challenges. *Robertson*, 187 S.W.3d at 483 (citing *Strickland*, 466 U.S. at 690). To that end, we are instructed that, in order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez*, 343 S.W.3d at 142. The Texas Court of Criminal Appeals further advises, "[w]hen such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id.* at 143.

The majority concludes trial counsel rendered ineffective assistance by stipulating to three prior convictions for family violence assault alleged in the

---

[1] Appellant filed a motion for new trial, but it did not include any grounds of ineffective assistance of counsel.

indictment when only one such prior conviction was required for jurisdictional purposes. As noted in the majority, the indictment alleged appellant had four prior convictions for family violence assaults occurring in April 2009, May 2011, November 2013, and July 2015. After the indictment was read to the jury, appellant entered a plea of "not true" to the April 2009 conviction but pled "true" to the three remaining convictions. Following the testimony of the State's witnesses, the following exchange took place:

> [The State]: It is, Your Honor. State, at this time, would like to tender and offer State's 5, 6, and 7, certified copies of the three enhancement paragraphs the defendant has pled true to, with the stipulation that we had just spoken about from the defense and agreed to outside the presence of the jury.
>
> *(State's Exhibit Nos. 5, 6, and 7offered)*
>
> [Defense Counsel]: No objections, Your Honor.
>
> THE COURT: Those are all admitted.
>
> *(State's Exhibit Nos. 5, 6, and 7admitted)*
>
> THE COURT: And in regard to the first enhancement paragraph?
>
> [The State]: The State is going to abandon the first enhancement paragraph styled as Cause No. 169684 the defendant pled not true to.
>
> THE COURT: All right. Thank you.

Appellant's complaint on appeal is that he "did not receive effective assistance of counsel where trial counsel . . . failed to stipulate to only one jurisdictional enhancement paragraph showing that Appellant has previously been convicted of assault family violence." No complaint is made regarding appellant's entry of "true" to the same three enhancement paragraphs to which trial counsel stipulated. The stipulation occurred outside the jury's presence, after the close of the State's evidence, and was made by trial counsel. Appellant's pleas of true, on the other hand, were made in the jury's presence, before any testimony, and were made by appellant. Thus one act was performed by trial counsel and the other was performed by

appellant. Given the fact that the two acts were also not contemporaneous, it was incumbent upon appellant to at least allege in his brief that his act of pleading "true" in open court was, in any form or fashion, due to counsel's ineffective assistance.

The jury was present when appellant entered a plea of "true" to the family violence assaults occurring in May 2011, November 2013, and July 2015. Absent a supporting record to the contrary, I cannot agree that trial counsel's decision to then stipulate to the same three convictions is conduct so outrageous that no competent attorney would have done the same. Accordingly, I dissent.


/s/    John Donovan
       Justice


Panel consists of Chief Justice Frost, Justices Donovan and Wise. (J. Donovan dissenting).
Publish — Tex. R. App. P. 47.2(b).

4